Rodney Lee ROWE *v.* STATE of Arkansas

CR 80-99                                      627 S.W. 2d 16

Supreme Court of Arkansas
Opinion delivered January 25, 1982

PER CURIAM. Petitioner Rodney Lee Rowe was convicted in the Circuit Court of Pulaski County of attempted capital murder, Ark. Stat. Ann. § 41-701, 1501 (Repl. 1977),

and aggravated robbery, Ark. Stat. Ann. § 41-2102 (Repl. 1977). We affirmed. *Rowe* v. *State,* 271 Ark. 20, 607 S.W. 2d 657 (1980). Petitioner received a sentence of ten years imprisonment for aggravated robbery and thirty years imprisonment for attempted capital murder. The trial court ordered the sentences served consecutively. Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. He specifically asks that a hearing be held in circuit court to determine whether a line-up identification procedure in the case was conducted in violation of petitioner's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article II § 10 of the Arkansas Constitution. He also asks that this Court modify his sentence or direct the circuit court to correct the sentence on the grounds that it is illegal to enter a judgment of conviction on attempted capital felony murder and aggravated robbery when the aggravated robbery was the underlying specified felony to the charge of attempted capital murder.

The issue of the line-up identification was considered on appeal and decided adversely to petitioner. The matter cannot be raised in a petition for postconviction relief. Rule 37 was not intended as a means of again presenting questions which were settled on direct appeal. *Neal* v. *State,* 270 Ark. 442, 605 S.W. 2d 421 (1980).

The question of legality of the sentences imposed on petitioner was also considered on direct appeal, but on a different ground than those presented in this petition. On appeal, petitioner alleged that the acceptance of the jury verdict violated the constitutional prohibition against double jeopardy and Ark. Stat. Ann. § 41-105 (1) (e) (Repl. 1977) which provides that a defendant may not be convicted of more than one offense if his conduct constitutes an offense defined as a continuing course of conduct and is uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses. This Court rejected that argument because it was found that two distinct impulses instigated the aggravated robbery and the attempted murder. Furthermore, it was noted that no objec-

tion had been made at trial to the charges or the sentences, thus precluding the argument from being considered for the first time on appeal.

Petitioner now submits that the failure to object at trial should not preclude relief under Rule 37 because the trial court did not have the authority under Rule 37.1 (b) to impose the sentences since they are in excess of the maximum sentences allowed by law. Petitioner cites as support for his contention this Court's decisions in *Singleton* v. *State,* 274 Ark. 126, 623 S.W. 2d 180 (1981); *Simpson* v. *State,* 274 Ark. 188, 623 S.W. 2d 200 (1981); and *Swaite* v. *State,* 272 Ark. 128, 612 S.W. 2d 307 (1981). In these cases, we held that when a criminal offense by definition includes a specified lesser offense, a conviction cannot be had for both offenses under Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977). The statute provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
(a) one offense is included in the other, as defined in subsection (2);

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or
(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or
(c) it differs from the offense charged only in the respect that a less serious risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

On direct appeal, petitioner did not directly cite this statute and confined his arguments to the question of double jeopardy. Accordingly, this Court ruled on the issue as presented by petitioner under Ark. Stat. Ann. § 41-105 (1) (e) (Repl. 1977). He now argues that in light of our recent holdings in *Swaite, Singleton* and *Simpson,* this Court should examine the legality of the sentences under Rule 37.1 and conclude that the sentences were imposed in violation of the laws of this state and were in excess of the maximum authorized by law. We agree with petitioner's contention and set aside the conviction and sentence for the lesser included offense of aggravated robbery. The conviction and sentence for attempted capital felony murder are not disturbed. In proving the elements of attempted capital murder, it was necessary to prove the elements of aggravated robbery. Therefore, Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977) prohibits petitioner's conviction for both offenses.

Petition granted in part and denied in part.