**UNITED STATES of America, Appellee,**

v.

**Donald Dennis DOBBS, Appellant.**

**No. 83–1232.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 24, 1983.
Decided June 23, 1983.

James M. Rosenbaum, U.S. Atty., Deborah Kleinman McNeil, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Scott F. Tilsen, St. Paul, Minn., for appellant.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Appellant Donald Dobbs appeals from his conviction for mailing a threatening communication with intent to extort money in violation of 18 U.S.C. § 876. Dobbs waived his right to a jury trial and was tried by the district court on stipulated facts. The court found Dobbs guilty as charged and sentenced him to five years imprisonment. We affirm.

## FACTS

In February, 1981, Mervin Zabel, the president of the Union State Bank in Browns Valley, Minnesota, received a letter containing various threats to kill his son, rob his bank, and destroy his apartment building unless Zabel delivered $150,000 to an unnamed "courier" within eight days. In August, 1981, Dobbs retained counsel when FBI Agent Leonard Matthys sought to interview him. In November, 1981, Dobbs appeared with a second retained counsel at a grand jury hearing and provided handwriting exemplars when ordered to do so by the district court.

On July 14, 1982, Agent Matthys contacted Dobbs at the appellant's farm to discuss the Zabel letter. No charges were pending against Dobbs at that time. Matthys informed Dobbs that the FBI report analyzing the appellant's handwriting exemplars had concluded that Dobbs had written the extortion letter. Dobbs agreed to talk about the letter and he and Matthys—upon the appellant's request—proceeded to the Browns Valley Municipal Building. Matthys then informed Dobbs of his rights, and the appellant stated that he understood them and signed a waiver form. Thereafter, Dobbs made oral and written statements confessing to the extortion offense.

## DISCUSSION

Dobbs' primary contention on appeal is that the district court erred in refusing to suppress his confession on the grounds that it was obtained in violation of his fifth and sixth amendment rights to counsel. We cannot agree with Dobbs' position.

Ordinarily, a person cannot assert his or her sixth amendment right to counsel until "judicial proceedings have been initiated against him [or her]—'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Brewer v. Williams,* 430 U.S. 387, 388, 97 S.Ct. 1232, 1234, 51 L.Ed.2d 424 (1976), *quoting Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). Here, the district court found, and the parties agree, that the government had not initiated judicial proceedings against Dobbs when he confessed to Agent Matthys in the July 14, 1982, interview. Therefore, the United States did not obtain Dobbs' confession in violation of the sixth amendment.[1]

---

1. Dobbs contends that he had a sixth amendment right to have counsel present at the June 14, 1982, interview because he had retained counsel in 1981 when he was under investigation and because the government intentionally delayed seeking an indictment until after he was interviewed in 1982 to prevent him from obtaining the advice of an attorney. If such circumstances existed, the sixth amendment right to counsel might arise before judicial proceedings have been formally initiated. The record here, however, does not support Dobbs' claim that the government engaged in intentional, unnecessary delay in indicting him.

█ The fifth amendment right to the presence of counsel during interrogation arises when law enforcement officers initiate questioning "after a person has been taken into custody or otherwise deprived of his [or her] freedom of action in any significant way." *Oregon v. Matthiason,* 429 U.S. 492, 494, 97 S.Ct. 711, 713, 50 L.Ed.2d 714 (1977). Here, the district court found, and Dobbs concedes, that he was not in custody or otherwise deprived of his freedom of action during his July 14, 1982, interview. The United States thus did not deny Dobbs his fifth amendment right to counsel in that interview.

█ Dobbs also contends that this Court should exercise its supervisory power to suppress his confession because the government allegedly violated DR 7–104(A)(1) of Minnesota's Code of Professional Responsibility by failing to obtain consent to interview the appellant from the counsel he had retained in 1981. Again, we cannot agree with the appellant.

Disciplinary Rule 7–104(A)(1) states:
*Communicating with One of Adverse Interest.*

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Assuming that this disciplinary rule is applicable in this case,[2] it does not require government investigatory agencies to refrain from any contact with a criminal suspect because he or she previously had retained counsel. *United States v. Lemonakis,* 485 F.2d 941, 955–956 (D.C.Cir.1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 885 (1974). Although in some circumstances the conduct of a prosecutor and an investigator acting at the prosecutor's behest may implicate the ethical concerns

addressed by DR 7–104(A)(1), in this case, Agent Matthys' noncustodial interview of Dobbs prior to the initiation of judicial proceedings against the appellant did not constitute an ethical breach. *See United States v. Vasquez,* 675 F.2d 16, 17 (2d Cir. 1982); *United States v. Kenny,* 645 F.2d 1323, 1339 (9th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981); *United States v. Lemonakis, supra,* 485 F.2d at 954–956.

## CONCLUSION

For the above-stated reasons, the district court did not err in denying Dobbs' motion to suppress his confession.

---

**2.** Dobbs contends that DR 7–104(A)(1) is applicable here because the United States Attorney directed Agent Matthys to interview the appellant without first seeking permission from the counsel Dobbs had retained in 1981.