**Rodney Lee ROWE, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellees.**

**No. 83–1411.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1984.

Decided June 6, 1984.

458

Steve Clark, Atty. Gen. by Leslie M. Powell, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Lessenberry & Carpenter by Thomas M. Carpenter, Little Rock, Ark., for appellant.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

**Background**

Rodney Lee Rowe appeals the district court's [1] denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 11, 1979, a jury in the Pulaski County Circuit Court found Rowe guilty of attempted capital murder and aggravated robbery. The charges stemmed from an incident on the night of January 23, 1979, in which Mrs. Katie Cage was shot during the course of a robbery in front of her home in Little Rock, Arkansas. Rowe was sentenced to thirty years on an attempted murder charge and ten years on an aggravated robbery charge. The trial court ordered the sentences to be served consecutively.

Rowe appealed his convictions to the Arkansas Supreme Court, asserting that the trial court erred in failing to suppress the lineup and in-court identification, in failing to instruct the jury on the issue of prior inconsistent statements, and in accepting the verdict from the jury with two convictions for one offense. After considering the merits of his arguments, the Arkansas Supreme Court affirmed the convictions. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980). The United States Supreme Court denied his petition for writ of certiorari. *Rowe v. Arkansas*, 450 U.S. 1043, 101 S.Ct.

1. The Honorable Henry Woods, United States District Court for the Eastern District of Arkansas.

1764, 68 L.Ed.2d 242 (1980). Rowe then sought post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, again challenging the identification procedure and requesting a modification of his sentence. The Arkansas Supreme Court refused to consider the identification issue because it had been considered on direct appeal and decided adversely to Rowe, but set aside the conviction and sentence for the lesser included offense of aggravated robbery without disturbing the conviction and sentence for attempted capital murder. *Rowe v. State,* 275 Ark. 37, 627 S.W.2d 16 (1982).

After exhausting his state remedies, Rowe filed his application for habeas corpus relief in the district court, advancing two grounds for relief. First, he argued that the state trial court should not have allowed an in-court identification that was based upon an unconstitutional lineup identification procedure. Secondly, he argued that the Arkansas Supreme Court erred in setting aside his conviction for aggravated robbery, but leaving intact his conviction and 30 year sentence for attempted capital murder. The court found both allegations meritless and Rowe raises both issues on appeal.

## Discussion

### A. Lineup/In-Court Identification

Rowe contends that the trial court erred in allowing an in-court identification that was based on an unconstitutional lineup identification procedure. He argues that the lineup was violative of due process because it was done without his consent and his request to have counsel present had been denied. He was not under indictment or formal charges at the time of the lineup.

The sixth amendment right to counsel does not attach to a suspect before adversary judicial criminal proceedings have begun. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A post-indictment lineup is a crit-

ical stage to which the right to counsel attaches. *Id.* at 236–37, 87 S.Ct. at 1937–38. In-court identification by a witness to whom the accused was exhibited before trial in the absence of counsel must be excluded unless it can be established that such evidence had an independent origin or that its admission was harmless error. *Id.* at 242, 87 S.Ct. at 1940. A preindictment lineup, however, is not a "critical stage" in a criminal prosecution. In *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the Court concluded that the exclusionary rule set out in *Wade, supra,* does not apply to preindictment confrontations. *See United States v. Dobbs,* 711 F.2d 84, 85 (8th Cir.1983); *United States v. Fitterer,* 710 F.2d 1328, 1333 (8th Cir.1983). There is no right to have counsel present at a preindictment lineup. *McCree v. Housewright,* 689 F.2d 797, 799, 800 n. 5 (8th Cir.1982).

Rowe insists that under Arkansas law, the preindictment stage is a critical stage in a criminal proceeding, because the police are allowed to testify about the lineup procedure at trial. Therefore, he argues, his preindictment confrontation with the witness was unconstitutional; he should have had counsel present, and because he didn't, the witness should not have been allowed to identify him at trial. This general issue was presented to the trial court, but not this particular argument. We find this argument unconvincing. First, the Arkansas cases allowing the police and victims to testify about the lineup procedures were decided in 1981 and 1983, two and four years respectively after Rowe's conviction,[2] so they had no effect on his trial, and he does not claim that police officers so testified at his trial. Second, Rowe concedes that his lineup was not unnecessarily suggestive. He asks the court to adopt a per se exclusionary rule, which is something the Supreme Court refused to do, even in *United States v. Wade, supra,* and something we now refuse to do.

**2.** *See Conley v. State,* 272 Ark. 33, 612 S.W.2d 722 (1981); *Martin v. State,* 272 Ark. 376, 614

S.W.2d 512 (1981); *Hilton v. State,* 644 S.W.2d 932 (1983).

█ Finally, the Arkansas Supreme Court subjected appellant's contentions to a *Wade* analysis and found that the in-court identification was in no way tainted by improper lineup procedure. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657, 660–62 (1980). The state court's factual findings carry a presumption of correctness, which the district court properly afforded them. The appellant must establish by convincing evidence that the factual determination was clearly erroneous. 28 U.S.C. § 2254(d). We agree with the district court's conclusion that the state court's findings are fairly supported by the record.

Rowe also complains that the prosecution exploited information about the lineup to bolster its case against him. This issue was also presented to the state court on appeal:

> In considering this question, it is important that it be remembered that when Mrs. Cage testified during the trial, no mention was made of the lineup or her previous identification of Rowe on direct examination. Her "lineup identification" was brought to the attention of the jury on cross-examination. Appellant opened up the subject at his own risk. *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206. Perhaps this is the reason appellant made no objection to the in-court identification after his pretrial motion to suppress had been denied. It was not necessary for him to object in order to preserve his pretrial objection, but his failure to object or to move to strike the testimony during the trial precludes him from relying upon anything then disclosed which had not been brought out in the pretrial hearing. *Whitmore v. State*, 263 Ark. 419, 565 S.W.2d 133. We do note, however, that Mrs. Cage's courtroom identification of Rowe was positive, certain and unequivocal, and that it was made with assurance. In considering the question presented, we must recognize that the trial judge had an opportunity to observe Mrs. Cage, both in her in-court and pretrial testimony. *See Sims v.*

*State*, [258 Ark. 940, 530 S.W.2d 182], *supra.*

607 S.W.2d at 660–61.

In sum, it appears that Rowe is simply asking this court to re-try the facts of this case and weigh the evidence against him for a second time. He does not argue that the state's factfinding procedure was inadequate or any of the seven grounds listed under section 2254(d) that would overcome the presumption of correctness.

### B. Sentence

In his second assignment of error, Rowe attacks his 30-year sentence for attempted capital murder. The state court convicted Rowe for both aggravated robbery and attempted capital murder. The relevant Arkansas statutes are as follows:

> **41–2102. Aggravated robbery.**—(1) A person commits aggravated robbery if he commits robbery as defined in section 2103 [§ 41–2103] and he:
>
> (a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or
>
> (b) inflicts or attempts to inflict death or serious physical injury upon another person.
>
> (2) Aggravated robbery is a class A felony. [Acts 1975, No. 280, § 2102, p. 500.]
>
> **41.1501. Capital murder.**—(1) A person commits capital murder if:
>
> (a) acting alone or with one or more other persons, he commits or attempts to commit rape, kidnapping, arson, vehicular piracy, robbery, burglary, or escape in the first degree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; or
>
> \* \* \* \* \* \*
>
> (3) Capital murder is punishable by death or life imprisonment without parole pursuant to chapter 13 [§§ 41–1301–41–1309]. For all purposes other than

disposition under Article III [§§ 41–801–41–1309], capital murder is a class A felony. [Acts 1975, No. 280, § 1501, p. 500.]

**41–701. Criminal attempt.**—(1) A person attempts to commit an offense if he:

(a) purposely engages in conduct that would constitute an offense if the attendant circumstances were as he believes them to be; or

(b) purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.

(2) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpability otherwise required for the commission of the offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct is not a substantial step under this section unless it is strongly corroborative of the person's criminal purpose. [Acts 1975, No. 280, § 701, p. 500.]

**41–703. Criminal attempt—Grading.** —A criminal attempt is a:

(1) class A felony if the offense attempted is capital murder or treason;

**41–105. Method of prosecution when conduct constitutes more than one offense.**—(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2); or

\*　　\*　　\*　　\*　　\*　　\*

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

(3) The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for verdict acquitting the defendant of the offense charged and convicting him of the included offense. [Acts 1975, No. 280, § 105, p. ——.]

As stated above, the Arkansas Supreme Court vacated the aggravated robbery conviction and sentence, finding that Rowe could not be convicted and sentenced for both offenses. The court agreed with Rowe's argument that the aggravated robbery was the underlying specific felony to the charge of attempted capital murder, since it is necessary to prove the elements of the former to prove the latter. *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16, 17 (1982).

 Rowe now argues that the Arkansas Supreme Court erred in setting aside the 10-year sentence. He maintains that under the rule of lenity, the court should have vacated the 30-year sentence and let the 10-year sentence stand. The rule of lenity is a rule of statutory construction that provides that ambiguities in criminal statutes must be resolved in favor of lenity. *Dunn v. United States,* 442 U.S. 100, 112–13, 99 S.Ct. 2190, 2197–98, 60 L.Ed.2d 743 (1979). This principle of construction applies to sentencing as well as substantive provisions. *Simpson v. United States*, 435 U.S. 6, 14–15, 98 S.Ct. 909, 913–914, 55 L.Ed.2d 70 (1978). The rule of lenity does not apply to this situation. There is no ambiguity in the Arkansas statutory scheme, as section 41–105 clearly

states that a person can be charged and tried for the offenses, but can only be convicted of one or the other.

Rowe now seems to argue that aggravated robbery is not a lesser included offense of capital murder. He contends that both offenses require proof of the same elements, and that the only difference in the two statutory sections is the language "under circumstances manifesting an extreme indifference to the value of human life." ARK.STAT.ANN. § 41–1501(1)(a) (Repl. 1977). He contends that the state court has declared that this language does not constitute a separate element that the state must prove, citing *Martin v. State*, 261 Ark. 80, 547 S.W.2d 81 (1977).

■■■■■ The state maintains that *United States v. Batchelder*, 442 U.S. 114, 121, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979), disposes of appellant's arguments. We agree. In *United States v. Batchelder*, the defendant was found guilty of violating 18 U.S.C. § 922(h), and sentenced to the maximum term of five years imprisonment. The defendant argued that section 922(h) and 18 U.S.C.App. § 1202(a) contained identical substantive elements as applied to him, but that the latter section carried a maximum sentence of two years. The defendant argued that the rule of lenity precluded the court from imposing the five-year term. The Supreme Court rejected that argument, finding that no constitutional violation occurred as a result of the conviction. The fact that a defendant's conduct violates two separate statutes does not preclude a court from imposing sentence under the more stringent provision. *Id.* at 118–121, 99 S.Ct. at 2201–03. The rule of lenity does not apply where there is no ambiguity to resolve. *Id.* at 121–22, 99 S.Ct. at 2202–03.

In the instant case, we are confronted with two separate statutes clearly defining the prohibited conduct. Each one is a class A felony, carrying a minimum sentence of five years and a maximum of 50 years or life. Rowe admitted on direct appeal that the evidence was sufficient to sustain either charge. He petitioned the Arkansas

Supreme Court for relief, and relief was granted. We find no error in the district court's analysis, and we agree that the rule of lenity does not apply.

Accordingly, we affirm the judgment of the district court.