Van Martin RICHIE *v.* STATE of Arkansas

CR 88-44                                          767 S.W.2d 522

Supreme Court of Arkansas
Opinion delivered April 10, 1989

*Pamela S. Osment*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1978, the appellant was charged in an eight count information with committing the following crimes against Dorothy Mullen: capital murder, kidnapping, rape, and robbery; and committing the following crimes against Axie Criner: attempted capital murder, kidnapping, rape, and robbery. The information did not specify which charges constituted the underlying felony or felonies to the capital charges. The next year, in 1979, appellant pleaded guilty to all eight counts and was sentenced to life without parole on the capital murder conviction and to life on each of the other seven convictions. In 1986, he filed a Rule 37 petition seeking to have the convictions for the underlying felonies set aside. On February 9, 1988, the trial judge wrote "Rule 37 denied" in his docket book. No judgment was entered, and the appellant was not informed of the ruling. Under such circumstances we granted appellant's motion for a belated appeal.

On September 12, 1988, the Attorney General apparently recognized that a denial of post-conviction relief without specifying any findings was reversible error and, by motion, asked us to remand the case to the trial court so that a judgment with findings of fact could be entered showing that the prisoner was not entitled to relief. On December 5, 1988, we granted the State's motion

and remanded the case to the trial court so that the trial court could state the reason the prisoner was not entitled to relief. The Writ issued by this Court specifically provides: "Trial court is directed to comply with A.R.Cr.P. Rule 37.3(a)." That subsection of the rule provides: "If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings." Instead of entering a judgment with findings stating the reason the prisoner was not entitled to relief, the trial court entered an order vacating the convictions and sentences for the underlying felonies of kidnapping, rape, and robbery in the capital murder of Dorothy Mullen. The order did not give any reasons for the refusal to vacate one or some of the felonies underlying the attempted capital murder of Axie Criner. The order was then lodged in this court pursuant to writ of certiorari.

The appellant argues on direct appeal that he is entitled to have all six convictions and six life sentences for the kidnappings, rapes, and robberies vacated because they are underlying felonies. The State admits that the appellant is entitled to have one conviction and sentence set aside as underlying the capital murder of Dorothy Mullen, and another set aside as underlying the attempted capital murder of Axie Criner. The State, in a veiled cross-appeal, argues that the trial court granted too much relief to appellant when it set aside the kidnapping, rape, and robbery charges underlying the capital murder of Dorothy Mullen.

██ It is interesting that a part of appellant's argument is that he is entitled to have the three convictions and sentences for felonies underlying the Mullen capital murder vacated, when the trial court granted that very relief. We assume the argument is made because the appellant's attorney questions the validity of the trial court's order, but does not want to openly disclose the issue to the State. It is a jurisdictional issue which we raise on our own. After a notice of appeal is docketed and the record is filed in this court, the trial court loses jurisdiction, except for appointment of defense counsel. *Glick* v. *State*, 283 Ark. 412, 677 S.W.2d 844 (1984). Here, the belated appeal was docketed, and the record was filed. The trial court had lost jurisdiction at that

point. We remanded and vested the trial court with jurisdiction only "to comply with Rule 37.3(a)." Thus, the trial court acted without jurisdiction in vacating three of the convictions. Since we hold the trial court's order is void, we do not reach the issue of whether the State can cross-appeal from the order. *See State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988).

Unquestionably, at least one of the felonies underlying the capital murder of Dorothy Mullen must be vacated, *Martin* v. *State*, 277 Ark. 175, 639 S.W.2d 738 (1982), and at least one of the felonies underlying the attempted capital murder of Axie Criner must be set aside. *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982). Appellant, however, urges us to vacate the kidnapping, rape, and robbery convictions as underlying the capital murder of Dorothy Mullen and to vacate the kidnapping, rape, and robbery convictions as underlying the attempted capital murder of Axie Criner, based upon *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982).

In *Hill*, we stated:

> We affirm the conviction and sentence for capital felony murder but set aside the lesser included offenses of kidnapping and aggravated robbery in connection with offenses against Donald Lee Teague. Ark. Stat. Ann. § 41-105(1)(a) and (2)(a) (Repl. 1977) [Ark. Code Ann. § 5-1-110 (a)(1) and (b)(1)] prohibit the entry of a judgment of conviction on capital felony murder or attempted capital felony murder and the *underlying specified felony or felonies. Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981); *Singleton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981). (Emphasis added.)

"Underlying specified felony or felonies" means the felony or felonies set out in the information as underlying the capital murder charge. In *Hill*, we assumed that the underlying felony or felonies would always be set out in the information, or else the defense would request that it be so designated. We made such an assumption because the underlying felony or felonies become an element of the capital murder charge, *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986), and it would seem that the defendant would always move to reduce a capital murder charge to a first degree murder charge if an underlying felony were not

listed. However, in this case the information does not specify a felony or felonies underlying the capital murder charges, and the defense did not question the charges. Even so, the appellant is now entitled to some relief since the capital murder conviction and the attempted capital murder conviction each required at least one underlying felony which, in turn, merged into the capital murder. The doctrine of merger then prevents conviction and sentencing on the underlying felony.

■ The only issue to be decided is whether all of the felonies enumerated in separate counts merged into the two capital charges, or whether only one merged into each capital charge. The capital murder statute, Ark. Code Ann. § 5-10-101(a)(1), requires only one underlying felony to be merged into the capital murder conviction. It does not require that all other felonies charged at the same time be merged into the capital murder conviction. Accordingly, we hold that one felony conviction, the robbery conviction, was merged into the conviction for the capital murder of Dorothy Mullen, and likewise, the robbery conviction was merged into the conviction for the attempted capital murder of Axie Criner. The other convictions and sentences remain in effect.

Reversed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. It is the duty of the state to make specific allegations in the information or amended information. In this case we have had to guess at the underlying felony. The trial court made a logical conclusion in deciding that all three felonies at issue supported the capital murder charge.

If we are to strictly construe criminal statutes we must conclude that the trial judge was right. Our guess as to the underlying felony is no better than his, but we are right because there are more of us. All four of the charges concerning the criminal acts against Dorothy Mullen grew out of one episode, and all four of the charges concerning the criminal acts against Axie Criner grew out of one episode. Perhaps the state intended to prove that all of the other felonies were supporting the capital felony murder charge and the attempted capital murder charge. See, e.g., *Hill v. State*, 275 Ark. 71, 628 S.W.2d 285 (1982). However, the prosecution and the court should not strive to

multiply the crime and sentence beyond the facts. After all, the appellant cannot be expected to serve more than one life sentence.

The majority captions the decision as a reversal, but it seems to me to be more of an affirmance.