Hayward CLEVELAND *v.* Lee FRAZIER, Director,
Department of Human Services

98-1436                                    999 S.W.2d 188

Supreme Court of Arkansas
Opinion delivered September 23, 1999

*Jill Jones Moore*, Rule XV Law Student; *Tomme T. Fullerton*, Rule XV Law Student, and *Leah Chavis*, Rule XV Law Student; *A. Felecia Epps*, Supervising Attorney, University of Arkansas at Little Rock School of Law Legal Clinic, for appellant.

*Frank J. Wills, III*, Office of Chief Counsel, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from the Pulaski County Circuit Court's denial of Appellant Hayward Cleveland's petition for writ of habeas corpus. Mr. Cleveland challenges the Pulaski County Probate Court's jurisdiction to enter an order of commitment on May 21, 1993, whereby he was ordered to remain in the custody of the Director of the Department of Human Services ("DHS") for continued treatment pursuant to Act 911 of 1989, codified at Ark. Code Ann. § 5-2-314 (Repl. 1997). Specifically, he contends that the probate court lacked jurisdiction because its jurisdiction was based on a facially invalid order of acquittal entered by the Jefferson

County Circuit Court on April 6, 1993. Mr. Cleveland's argument is without merit, and we affirm.

On August 20, 1992, Mr. Cleveland was charged with the crime of robbery in Jefferson County Circuit Court. Shortly thereafter, Mr. Cleveland's attorney filed a motion pursuant to Ark. Code Ann. § 5-2-305 (Repl. 1997) to have his client committed to the Arkansas State Hospital for an examination to determine Mr. Cleveland's capacity to understand the proceedings against him and to determine whether his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired at the time of the alleged offense. Pursuant to Ark. Code Ann. § 5-2-305, the circuit court entered an order on September 8, 1992, that committed Mr. Cleveland to the Arkansas State Hospital for examination. According to a docket entry in the record, the circuit court then entered another order of commitment on December 27, 1992. This order, however, was entered pursuant to Ark. Code Ann. § 5-2-310 (Repl. 1997), which authorizes the court to suspend the proceedings if it determines that the defendant lacks fitness to proceed and to commit the defendant to the custody of DHS "for detention, care, and treatment until restoration of fitness to proceed."

Finally, on April 6, 1993, the circuit court entered an order of acquittal because of mental disease or defect, which included the following findings:

1. The above-named Defendant was charged with the crime of Robbery, violation of Ark. Code § 5-12-102.

2. That the Defendant was examined by the Arkansas Department of Human Services, Division of Mental Health Services pursuant to Arkansas Code Annotated § 5-2-305, to determine his capacity, as a result of mental disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct.

3. That said Arkansas Department of Human Services, Division of Mental Health Services has subsequently completed the evaluation pursuant to Order of this Court, and the findings con-

cerning the Defendant's capacity or fitness to proceed are made a part of this order.

4. That based on the evaluation of the Department of Mental Health Services the State of Arkansas agrees that it would be in the best interest of justice that the Defendant be acquitted.

5. That this offense involved bodily injury to another person or serious damage to the property of another, or involved a substantial risk of such injury or damage. That pursuant to Section 3(a)(1) of Act 911 of 1989 the Defendant is committed to the custody of the Director of the Department of Human Services for further examination by a psychiatrist or licensed psychologist.

6. That the Director of the Department of Human Services shall file the psychiatric or psychological report with the probate court having jurisdiction within (30) days following entry of this order.

7. That pursuant to Section 3(a)(2) of Act 911 of 1989 a hearing shall take place not later than (10) days following the filing of the above report in Probate Court. If the acquittee is in need of Counsel for said hearing, it shall be appointed immediately upon the filling of the original petition or report.

8. Inasmuch as the Respondent is being committed to the custody of the Director of the Department of Human Services, which is outside the immediate jurisdiction of this Court, and the Psychiatrist examining the Defendant resides in Little Rock, it would be impossible to complete an evaluation and return the Respondent and the necessary witnesses for a hearing on the matter within the time constraints of Section 3(a)(2) of Act 911 of 1989; therefore the hearing on the matter may be held before a probate judge of the Sixth Judicial District pursuant to Section 4 of Act 28 of the Third Extraordinary Session of 1989.

Wherefore, this Court finds that at the time of the offense, the Defendant lacked capacity, a[s] a result of mental disease or defect, to conform his conduct to the requirements of the law or to appreciate the criminality of his conduct, and further finds that the Defendant should be committed to the care and custody of the Director of Human Services for the treatment and evaluation.

As contemplated by the order of acquittal and pursuant to Ark. Code Ann. § 5-2-314, the Pulaski County Probate Court held a

hearing, and its order of commitment entered on May, 21, 1993, found that Mr. Cleveland still posed "a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect," and ordered him to remain in the custody of DHS for continued treatment.

Almost three years later, on March 15, 1996, the Pulaski County Probate Court entered an order of conditional release pursuant to Ark. Code Ann. § 5-2-315 (Repl. 1997) that allowed Mr. Cleveland to reside at the Birchtree Community in England, Arkansas, under certain specified conditions. However, within one month, on April 17, 1996, the Lonoke County Probate Court entered an order that revoked Mr. Cleveland's conditional release and returned him to the custody of the Director of DHS at the Arkansas State Hospital pursuant to Ark. Code Ann. § 5-2-316 (Repl. 1997).

■ When Mr. Cleveland filed his petition for writ of habeas corpus on April 21, 1998, in the Pulaski County Circuit Court, he remained in the custody of the Director of DHS at the Arkansas State Hospital. The circuit court promptly held a hearing on May 13, 1998, and then entered its order denying the petition for a writ of habeas corpus on October 20, 1998. Mr. Cleveland now appeals the denial of his petition. Our review of habeas corpus proceedings is by appeal. *In re Habeas Corpus Proceedings*, 313 Ark. 168, 852 S.W.2d 791 (1993).

For his first argument on appeal, Mr. Cleveland contends that the probate court lacked jurisdiction when it committed him to the custody of DHS in 1993. He acknowledges that the probate court's jurisdiction over a criminal defendant is established when the circuit court enters an order of acquittal and commitment pursuant to Ark. Code Ann. § 5-2-314. *Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996). However, Mr. Cleveland asserts that the order of acquittal entered by the Jefferson County Circuit Court of April 6, 1993, was facially invalid because the circuit court failed to follow the requirements of Ark. Code Ann. § 5-2-313 (Repl. 1997) when it did not make a factual determination in the order of acquittal that Mr. Cleveland committed the robbery. He then suggests that such an invalid order did not establish lawful

jurisdiction in the probate court. Accordingly, Mr. Cleveland challenges the probate court's jurisdiction to commit him to the custody of the Director of DHS in 1993.

As previously stated, Mr. Cleveland first argues that the order of acquittal entered by the circuit court in 1993 was invalid because it did not comply with Ark. Code Ann. § 5-2-313, which provides in relevant part that:

> On the basis of the report filed pursuant to § 5-2-305, the court may . . . enter judgment of acquittal on the ground of mental disease or defect if it is satisfied that, at the time of the conduct charged, the defendant lacked capacity, as a result of mental· disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality· of his conduct. *If the defendant did not raise the issue of mental disease or defect pursuant to § 5-2-305(a)(1), then the court shall be required to make a factual determination that the defendant committed the offense and that he was suffering from a mental disease or defect at the time of the commission of the offense.*

Ark. Code Ann. § 5-2-313 (emphasis added). According to this provision, it is only when the defendant does not raise the issue of mental defect pursuant to Ark. Code Ann. § 5-2-305(a)(1)[1] that the court is required to make a factual determination that the defendant committed the offense, and that he was suffering from a mental disease or defect at the time the offense was committed.

Mr. Cleveland alleges that he did not raise the issue of mental disease or defect, which circumstance makes the order of acquittal invalid because it does not include the factual determination that he committed the robbery as required by Ark. Code Ann. § 5-2-313. The Director of DHS contends that the order of acquittal entered by the circuit court is valid on its face and establishes jurisdiction in the probate court over all subsequent commitment proceedings.

---

[1] Ark. Code Ann. section 5-2-305(a)(1) (Repl. 1997) states:

"(a) Whenever a defendant charged in circuit court:

(1) files notice that he intends to rely upon the defense of mental disease or defect, or there is reason to believe that mental disease or defect of the defendant will or has become an issue in the cause;"

■ A writ of habeas corpus will only be issued if the commitment was invalid on its face, or the committing court lacked jurisdiction. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997); *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Therefore, in determining whether the denial of a writ of habeas corpus was proper, this court must look for an invalidity only on the face of the order.

■ Mr. Cleveland urges the court to look beyond the face of the order, and to consider the record as a whole. In support of this argument, he relies upon this court's holdings in *Robinson v. Shock*, 282 Ark. 262, 667 S.W.2d 956 (1984) and *Rowland v. Rogers*, 199 Ark. 1041, 137 S.W.2d 246 (1940). However, those cases are distinguishable because *Robinson* involved juvenile defendants, and *Rowland* was a civil commitment case. As the court noted in *Robinson*, juvenile cases and civil cases involve considerations which are not present in the context of an adult defendant, such as Mr. Cleveland:

> The safeguards for due process and subsequent relief that have developed around the criminal process are not as available to [civilly committed] state hospital inmates, or to juvenile offenders committed to the custody of the state.

*Robinson, supra.* Furthermore, *Robinson* and *Roland* were decided before the Arkansas General Assembly enacted substantial amendments to the criminal commitment statutes in 1989. Act 911 of 1989, codified at Ark. Code Ann. § 5-2-301 et seq. We, therefore, hold that this court will not go beyond the face of a criminal commitment order to determine its validity. We shall continue to adhere to the well-established principle that a writ of habeas corpus will issue only if the criminal commitment order was invalid on its face.

■ With regard to Mr. Cleveland's argument that the acquittal order was not valid because there was no factual determination as required by Ark. Code Ann. § 5-2-313, we must look only to the face of the acquittal order to determine whether or not Mr. Cleveland raised the issue of mental disease or defect. The acquittal order, previously quoted above, does not indicate on its face who raised the issue of mental disease or defect. As a

result, we cannot say that Mr. Cleveland did not raise that issue or that Ark. Code Ann. § 5-2-313 was not properly followed. For this reason, we conclude that the order of acquittal has not been shown to be invalid on its face, and the circuit court's denial of a writ of habeas corpus was proper.

■ For his second point on appeal, Mr. Cleveland also contends that Ark. Code Ann. § 5-2-313 unconstitutionally deprives a criminal defendant of his right to a speedy and public jury trial under the United States Constitution and the Arkansas Constitution. This argument, however, has not been preserved for review on appeal. The circuit court failed to make a ruling on the constitutionality of the statute in its order denying Mr. Cleveland's petition for a writ of habeas corpus. We are thus precluded from addressing that issue. *Wilson v. Neal*, 332 Ark. 148, 964 S.W.2d 199 (1998); *Jackson v. State*, 334 Ark. 406, 976 S.W.2d 370 (1998).

Affirmed.