Carl MENY v. Larry NORRIS, Director,
Arkansas Department of Correction

98-1143                                            13 S.W.3d 143

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *Todd L. Newton,* Ass't Att'y Gen., for appellee.

PER CURIAM. In 1992, appellant was found guilty by a jury of three counts of rape, kidnapping, and attempted capital felony murder. He was sentenced to three life terms for the three counts of rape, to run consecutively, with twenty years for kidnapping and thirty years for attempted felony murder. We affirmed. *See Meny v. State,* 314 Ark. 158, 861 S.W.2d 303 (1993). In 1998, appellant filed a petition for writ of *habeas corpus* seeking to have the judgments vacated. The petition was denied, and appellant has appealed that decision to us.

We have repeatedly held that a writ of *habeas corpus* will issue only if the commitment was invalid on its face or the committing court lacked jurisdiction. *McConaughy v. Lockhart,* 310 Ark. 686, 840 S.W.2d 166 (1992); *See, e.g., Mackey v. Lockhart,* 307 Ark. 321, 819 S.W.2d 702 (1991); *Wallace v. Willock,* 301 Ark. 69, 781 S.W.2d 478 (1989). A *habeas corpus* proceeding does not afford a prisoner an opportunity to retry his case. A writ of *habeas corpus* will not be issued to correct errors or irregularities that occurred at trial. The remedy in such a case is direct appeal. *Birchett v. State,* 303 Ark. 220, 795 S.W.2d 53 (1990). A writ of *habeas corpus* will not be issued as a substitute for postconviction relief. The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is so detained. Ark. Code Ann. § 16-112-103 (1987). A hearing is not required if the petition does not allege either of the bases of relief proper in a *habeas* proceeding, *George v. State,* 285 Ark. 84, 685 S.W.2d 141 (1985), and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. Ark. Code Ann. § 16-112-103 (1987).

First, appellant argues that the trial court erred in holding that appellant's *habeas* claims were not cognizable under the state *habeas* statute. We find appellant's argument misconstrues the court's order. In denying appellant's petition, the trial court found "petitioner has failed to state a claim upon which *habeas* relief can issue and the Court cannot grant the relief requested pursuant to this petition." It is clear that the trial court did not hold that appellant's

claims were cognizable. Thus, we find no merit in appellant's first point.

Next, appellant argues that Judge Fred Davis should have recused himself from appellant's *habeas* proceedings. There is no indication in appellant's abstract or the record that appellant raised this issue below. In addition, this is not a claim cognizable under *habeas* review. Based on the foregoing reasons, we decline to address this issue.

For his third point on appeal, appellant argues that the trial court erred in failing to grant *habeas* relief because the trial court lacked jurisdiction to enter a judgment of commitment and sentence. Appellant contends that he was charged with the crimes in the 7th Judicial District; however, the sentence and commitment order was issued in the 11th Judicial District. Appellant asserts that Judge Davis was acting outside the territorial boundaries of the 7th Judicial District when he entered the commitment order and sentence; thus, under *Waddle v. Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993), the order is void. In support of this contention, appellant relies only on a purported affidavit of J. Sky Tapp, appellant's attorney.

In reviewing this issue, we determined that the record does not contain an affidavit by Mr. Tapp nor does the record contain any evidence that Judge Davis held a hearing in the 11th Judicial District or entered the judgment and commitment order in the 11th Judicial District. The record does indicate that the jury returned a verdict and sentence was pronounced in the 7th Judicial District. The court did allow for arguments on the issue of whether to run the sentences consecutively or concurrently; however, there is no evidence in the record before us that any actions were taken in the 11th Judicial District involving appellant's case. It is appellant's burden to bring forth a record that demonstrates error. *Lukach v. State*, 310 Ark. 38, 835 S.W.2d 642 (1992). Because appellant has failed to demonstrate that the affidavit of Mr. Tapp was part of the record considered by the Circuit Court and because appellant has failed to obtain a recording of the sentencing hearing, he has not demonstrated error.

For his fourth point, appellant argues that the change of venue that occurred in this case was void; consequently, the Saline County Circuit Court lacked jurisdiction to try appellant. We disagree.

To begin with, venue and jurisdiction, though sometimes used interchangeably, are two distinct legal concepts. Venue is the geographic area, like a county, where an action is brought to trial. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). Jurisdiction is the power of a court to decide cases and presupposes control over the subject matter and parties. *Id.* This court has stated that venue may be waived in a criminal case within the territorial boundaries of the judicial district. *See Waddle v. Sargent, supra; see also* Ark. R. Crim. P. 24.8(c)(1) (waiver of venue for plea of guilty for a second offense committed in another jurisdiction).

Here, appellant requested a change of venue. Judge Cole granted appellant's motion by changing venue from Hot Spring County to Saline County. Appellant asked the court to reconsider changing the venue to Grant County, which is outside the territorial boundaries of the 7th Judicial District. It appears that Judge Cole denied appellant's request. The trial was conducted in Saline County, and the judgment and commitment order was entered in Saline County. There is no indication from the record that appellant raised any other objections to the order changing venue prior to trial. Appellant voluntarily appeared for trial in Saline County and was convicted and sentenced. Based on the facts before us, any venue argument which Appellant might have had was waived, and any challenge to the order entered by Judge Cole changing venue cannot be raised for the first time in this *habeas* appeal.

Finally, appellant argues that the trial court erred in failing to grant *habeas* relief because the sentencing court lacked jurisdiction to sentence appellant to terms of imprisonment for the underlying felonies of kidnapping and rape to support attempted capital felony murder.

Detention for an illegal period of time is precisely what a writ of *habeas corpus* is designed to correct. *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). *American Jurisprudence* 2d states the fundamental principle of law:

Challenges to the length of confinement are properly considered in the context of habeas corpus proceedings. Thus, the unlawful

confinement of an individual under a sentence longer than that permitted by statute constitutes a denial of liberty without due process of law, and a petitioner alleging such confinement is entitled to seek habeas corpus relief under the Great Writ.

39 AmJur.2d § 66 (1999). The Great Writ provides protection for petitioners who are confined under sentences longer than that permitted by statute. See, e.g., Manville v. Hampton, 471 S.E.2d 872 (Ga. 1996); State v. Purkett, 908 S.W.2d 691 (Mo. App. W.D. 1995). In Manville, the Georgia Supreme Court noted that if the petitioner was confined for a sentence longer than that permitted by statute, this would be a denial of liberty without due process of law and a writ of habeas corpus would issue. In Purkett, the petitioner was sentenced to fifteen years for attempted sodomy when the maximum sentence was seven years. The Missouri Supreme Court wrote that habeas corpus was the proper remedy for one sentenced in excess of what was authorized by law. Because the petitioner had served the authorized sentence, he was ordered discharged from detention.

Many jurisdictions employ the writ of habeas corpus to reduce the term of an excessive sentence to that authorized by statute although the petitioner has not yet completed the valid portion of his sentences. See, e.g., In re Tartar, 339 P.2d 553 (Cal. 1959); Landreth v. Gladden, 324 P.2d 475 (Ore. 1958); Ex parte Hill, 528 S.W.2d 125 (Tex. Crim. App. 1975). See also, United States v. Wilson, 997 F.2d 429 (8th Cir. 1993).

Here, appellant argues that the judgment and commitment order is void because the trial court lacked jurisdiction to sentence him for the underlying felonies supporting the conviction for attempted capital murder as well as for attempted capital murder. We disagree with appellant that his conviction is void; however, we do agree that appellant is being illegally detained to the extent that the sentences are excessive.

■ Appellant was convicted of three counts of rape, one count of kidnapping, and one count of attempted capital murder. He was sentenced on all five counts. The information in the record does not indicate which felony was used to support the charge of attempted capital murder. Even so, appellant is now entitled to relief because the attempted capital murder conviction requires at least one underlying felony to be merged into the capital murder convic-

tion. *See Richie v. State*, 298 Ark. 358, 767 S.W.2d 522 (1989). The doctrine of merger then prevents conviction and sentencing on the underlying felony. *Id.* Accordingly, we hold that one felony conviction, for one count of rape, merged into the conviction for the attempted capital murder. The judgment and commitment is modified to show two life sentences for two rape convictions as opposed to three, with the two life sentences to run consecutively. The other convictions and sentences remain in effect.

Affirmed as modified.