Clinton FLOWERS *v.* Larry NORRIS, Director,
Arkansas Department of Correction

01-852                                    68 S.W.3d 289

Supreme Court of Arkansas
Opinion delivered February 28, 2002

*Appellant*, pro se.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Clinton Flowers appeals the order of the Jefferson County Circuit Court denying his petition for a writ of habeas corpus. An appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994); *Waddle v. Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993). Appellant's sole argument on appeal is that the trial court erred in denying his petition because the trial court lacked jurisdiction to convict and sentence him for kidnapping and aggravated robbery, as those offenses were the underlying felonies used to support his conviction for attempted capital murder. Appellant argues that the convictions and sentences for those underlying felonies should be vacated. We affirm the trial court's denial of Appellant's petition, but we modify the judgment of conviction.

The facts underlying this appeal stem from events that occurred on April 12, 1997, beginning in Crittenden County. On that day,

Flowers and three other men kidnapped sixty-five-year-old Roberta Thompson and put her in the trunk of her car. After driving around for approximately eight hours, Appellant and the others removed Thompson from the trunk. They then stabbed her repeatedly, cut her throat, and ran over her with the stolen car. Miraculously, Thompson survived the ordeal.

Appellant was charged by felony information with aggravated robbery, kidnapping, and attempted capital murder. Kidnapping and aggravated robbery were specified as the underlying felonies supporting the attempted capital murder charge. Appellant executed a guilty-plea statement on December 12, 1997, in which he pled guilty to all three charges. The Crittenden County Circuit Court then sentenced him to concurrent sentences of forty years' imprisonment each on the aggravated robbery and attempted capital-murder convictions. In addition, Appellant was sentenced to twenty-five years' imprisonment on the kidnapping conviction. The trial court, however, suspended imposition of the sentence on the kidnapping charge.

Appellant filed a petition for writ of habeas corpus in the Jefferson County Circuit Court on March 20, 2001. In his petition, Appellant alleged that the Crittenden County Circuit Court lacked jurisdiction to sentence him, and that his commitment order was invalid on its face, because he was sentenced for both the conviction of attempted capital murder, as well as each of the underlying felonies used to support that conviction, namely aggravated robbery and kidnapping. According to Appellant, because the aggravated robbery and kidnapping charges were the underlying felonies used to support the charge of attempted capital murder, it was improper for the circuit court to convict and sentence him on those charges as well.

In an order entered on April 6, 2001, the trial court denied Appellant's petition. Therein, the trial court ruled that Appellant had failed to show that he was entitled to habeas relief, because his claims were insufficient to demonstrate that the commitment order was invalid on its face or that the trial court lacked jurisdiction to sentence him. From that order, comes the instant appeal.

It is well settled that a writ of habeas corpus will only be issued if the commitment was invalid on its face, or the sentencing court lacked jurisdiction. *Cleveland v. Frazier*, 338 Ark. 581, 999 S.W.2d 188 (1999), *cert. denied*, 528 U.S. 1173 (2000); *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). Thus, in order to

obtain habeas relief, a petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is so detained. *See* Ark. Code Ann. § 16-112-103 (1987). This court has recognized that detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Meny v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000) (*per curiam*); *Renshaw*, 337 Ark. 494, 989 S.W.2d 515. In *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992), this court stated that it treats allegations of void or illegal sentences as it does issues of subject-matter jurisdiction, in that it reviews such allegations whether or not an objection was made in the trial court. Thus, the issue on appeal is whether Appellant has demonstrated that the trial court lacked jurisdiction or that his commitment order was invalid on its face.

Appellant contends that it was improper for the trial court to sentence him for attempted capital murder, as well as both of the underlying felonies used to support that conviction. According to Appellant, his sentence violates the prohibition against double convictions set forth in Ark. Code Ann. § 5-1-110 (Repl. 1997). The State counters that Appellant has failed to sufficiently demonstrate that he is entitled to habeas relief.

■■ A sentence is void when the trial court lacks authority to impose it. *Bangs*, 310 Ark. 235, 835 S.W.2d 294. This court has held that when a criminal offense, by definition, includes a lesser offense, a conviction cannot be had for both offenses. *See McClendon v. State*, 295 Ark. 303, 748 S.W.2d 641 (1988); *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16 (1982) (*per curiam*); *Barnum v. State*, 276 Ark. 477, 637 S.W.2d 534 (1982) (*per curiam*). Recently, in *Meny*, 340 Ark. 418, 13 S.W.3d 143, this court held that where the appellant was convicted of three counts of rape, one count of kidnapping, and one count of attempted capital murder, one conviction for an underlying felony had to merge with the conviction for attempted capital murder. This court then modified the appellant's convictions and sentences by setting aside one of the convictions and sentences for rape, and leaving the remaining convictions and sentences in effect.

Here, in order to convict Appellant of attempted capital murder, it was necessary for the State to prove either the elements of aggravated robbery or kidnapping. *See e.g., Richie v. State*, 298 Ark. 358, 767 S.W.2d 522 (1989). The State set forth its case on the attempted murder charge by specifying both aggravated robbery and kidnapping as the underlying felonies for the charge of

attempted capital murder. The trial court then convicted and sentenced Appellant on all three charges. Because the State was required to establish the elements of one underlying felony in order to convict Appellant of attempted capital murder, it was error for the trial court to convict and sentence Appellant for attempted capital murder and both of the underlying felonies.

The State mistakenly argues that Appellant's three separate convictions and sentences are valid, because the legislature amended section 5-1-110 to authorize such cumulative punishments. We strictly construe criminal statutes and resolve any doubts in favor of the defendant. *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001); *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*; *Bush v. State*, 338 Ark. 772, 2 S.W.3d 761 (1999). Nothing is taken as intended that is not clearly expressed. *State v. Lewis*, 335 Ark. 188, 979 S.W.2d 894 (1998). It is also axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly. *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999). With these rules of statutory interpretation in mind, we turn to section 5-1-110.

In passing Act 657 of 1995, the General Assembly amended section 5-1-110 to allow for separate convictions and sentences for certain specified offenses. The amended version of this statute provides:

(d)(1) Notwithstanding any provision of law to the contrary, separate convictions and sentences are authorized for:

(A) Capital murder, § 5-10-101, and any felonies utilized as underlying felonies for the murder;

(B) Murder in the first degree, § 5-10-102, and any felonies utilized as underlying felonies for the murder; and

(C) Continuing criminal enterprise, § 5-64-414, and any of the predicate felonies utilized to prove the continuing criminal enterprise.

A plain reading of this statute reveals that the legislature did not exempt the offense of attempted capital murder and its underlying felonies from the prohibition against double convictions.

██ Our conclusion is further supported by a review of the legislative intent underlying this statutory change. In amending section 5-1-110, the legislature stated as follows:

> It is the intent of the legislature, pursuant to *Missouri v. Hunter*, 459 U.S. 359 (1983), to explicitly authorize separate convictions, sentences, and cumulative punishments *for the offenses specified in Section 2 of this act.* Cases such as *McClendon v. State*, 295 Ark. 303, 748 S.W.2d 641 (1988), which prohibit separate convictions, sentences, and cumulative punishments for such offenses are hereby overruled.

Act 657 of 1995 (emphasis added). The offense of attempted capital murder is not specifically enumerated in any part of Act 657. Moreover, the Supreme Court's decision in *Hunter*, the case relied on by the legislature in amending section 5-1-110, further evidences the conclusion that in order to except punishments from the double-jeopardy prohibition, it must be clear that the legislature intended such a result. There, the Supreme Court stated that when a legislature specifically authorizes cumulative punishments under separate statutes, there is no need for a court to resort to statutory construction; instead; the court may impose cumulative punishment under each statute in a single trial. In reaching this conclusion, the Court relied on the fact that the Missouri legislature clearly expressed its intent to allow for cumulative punishment. There is no such clearly expressed intent in the present case.

██ Absent a clear expression of legislative intent, we decline to expand the scope of section 5-1-110 to include the offense of attempted capital murder. Therefore, the conviction and sentence for one of the underlying felonies used to support Appellant's conviction for attempted capital murder must merge with that conviction. *See Meny*, 340 Ark. 418, 13 S.W.3d 143. The doctrine of merger then prevents conviction and sentencing on the underlying felony. *Id.*; *Richie*, 298 Ark. 358, 767 S.W.2d 522. By statute, this court may reverse, affirm, or modify the judgment or order appealed from, in whole or in part and as to any or all parties. Ark. Code Ann. § 16-67-325(a) (1987); *Richards v. State*, 309 Ark. 133, 827 S.W.2d 155 (1992). We hold that the charge of kidnapping is the underlying felony supporting Appellant's conviction for attempted capital murder. Accordingly, the conviction and sentence for kidnapping merged with the conviction for attempted capital murder. Appellant's conviction and sentence for aggravated robbery remains in effect.

■ In addition, a review of Appellant's commitment order reveals a facial invalidity that must also be corrected. Specifically, attempted capital murder is a Class A felony, as correctly marked on Appellant's commitment order. *See* Ark. Code Ann. § 5-3-203(1) (Repl. 1997). The trial court, however, sentenced Appellant to a term of 480 months' imprisonment, or forty years, on the conviction for attempted capital murder. Pursuant to Ark. Code Ann. § 5-4-401 (Repl. 1997), the maximum sentence that may be imposed for a Class A felony is thirty years' imprisonment. Thus, Appellant was illegally sentenced for attempted capital murder to a term of years in excess of the statutory maximum sentence. We now modify Appellant's sentence for attempted capital murder to a term of thirty years' imprisonment. This sentence is to run concurrently with the forty-year sentence imposed for aggravated robbery.

Affirmed as modified.