Carl Dermott ADAMS *v.* STATE of Arkansas

CR 94-1030                                     892 S.W.2d 455

Supreme Court of Arkansas
Opinion delivered February 6, 1995

*Harold W. Madden,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Carl Dermott Adams, was convicted as an habitual offender of three counts of terroristic act, two counts of second degree battery, and criminal attempt to commit capital murder. His sentences, which the Trial Court imposed to be served consecutively, total 154 years in prison. His points of appeal are that (1) the evidence was insufficient to

support the convictions, (2) the sentences should not be consecutive because 154 years imprisonment is cruel and unusual punishment, and (3) his conviction of terroristic act and attempted capital murder arising from the same incident violates the double jeopardy prohibition of the United States Constitution. We affirm the convictions because the record, as abstracted by Mr. Adams, does not support the arguments.

The charges against Mr. Adams resulted from allegations that he fired a rifle into two houses in a "drive by" type shooting. Two children sleeping in one of the houses struck by many bullets were very seriously injured. Two of the witnesses who positively identified Mr. Adams at the trial as the person who fired the rifle admitted they were crack users at the time of the offense. The third was a man with whom Mr. Adams had fought on the evening before the shooting. Mr. Adams presented alibi testimony.

To challenge the sufficiency of the evidence on appeal of a criminal conviction, one must have moved at the trial for a directed verdict at the close of the State's evidence and at the close of all the evidence. Ark. R. Crim. P. 36.21(b); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992); *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992). The record on appeal is confined to that which is abstracted. *Harris* v. *State*, 303 Ark. 233, 795 S.W.2d 55 (1990). Mr. Adams's abstract makes no reference to a directed verdict motion. We decline to consider the point.

The same is true with respect to Mr. Adams's second and third points. There is nothing in his abstract to show an objection at trial on the ground that terroristic act and attempted capital murder convictions could not, on the basis of double jeopardy, result from one incident. Nor does Mr. Adams's abstract show that any objection was made to the Trial Court on the ground that the consecutive sentences amounted to cruel and unusual punishment, although he now asks us to hold the sentences are barred by the Eighth Amendment. Even constitutional arguments must be raised before the Trial Court to be considered on appeal. *Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994); *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

Affirmed.