Frank WATTS II *v.* STATE of Arkansas

CA CR 98-690 8 S.W.3d 563

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 10, 1999
[Substituted Opinion on Grant of Rehearing
delivered January 5, 2000.]
[Petition for rehearing denied February 2, 2000.]

*Appellant*, pro se.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

J OHN F. STROUD, JR., Judge. In its petition for rehearing, appellee, the State of Arkansas, brings to our attention the case of *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999), a supreme court opinion that was handed down less than one week prior to our decision in *Watts v. State* (November 10, 1999). The State contends that in light of *Dean*, this court made an error of law in *Watts, supra*, reversing and dismissing, on speedy-trial grounds, the convictions of appellant, Frank Watts II. We must agree. We therefore grant appellee's petition for rehearing and issue this substituted opinion.

Appellant was tried by a jury and found guilty of the following offenses: one count of possession of a controlled substance with intent to deliver (cocaine), two counts of possession of drug paraphernalia, and one count of possession of a controlled substance (marijuana). He was sentenced to sixty years in the Arkansas Department of Correction on the cocaine charge, six years on each of the two counts of possession of drug paraphernalia, and one year on the possession of marijuana charge, with the sentences to be served concurrently. Appellant represented himself during the trial with the aid of "stand-by counsel," and he brings this appeal *pro se.* He raises thirteen points of appeal. We find no error and affirm.

For his first point of appeal, appellant challenges the legality of his arrest. In making his argument, he claims to have raised this issue in his October 29, 1996, motion to suppress evidence, and in his August 1, 1997, renewed motion to suppress search warrant and evidence. He designates transcript pages 87–88 and 102–108 as the location of these motions in the record. We do not address his argument because 1) the designated portions of the transcript were not abstracted, and 2) the issue was not properly raised before the trial court.

The abstracting deficiency alone is sufficient for us not to consider this point. The record on appeal is confined to that which is abstracted, and *pro se* litigants are held to the same abstracting standards as licensed attorneys. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998). Moreover, the record reveals that the two motions appellant relies upon as preserving this point for appeal merely reference the validity of the arrest, with no further discussion, and are clearly focused on the validity of the search warrant, not the arrest. The trial court denied the October 1996 motion as untimely but, in making a record on the motion, appellant's stand-by counsel explained that "the basis of [the motion] is that the information supplied by the confidential informant was stale" by the time the searches were actually conducted. No argument was made that the arrest was illegal. A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the argument made at trial. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998).

For his second point of appeal, appellant contends that his "Fifth Amendment privilege against self-incrimination was violated below when and/or where the Detectives forced appellant into a plea agreement in which appellant had to sign this agreement as being guilty in order to be recruited as a confidential informant." Once again, we find nothing in the abstract showing that appellant asserted at trial that his privilege against self-incrimination had been violated. Consequently, he cannot raise the argument for the first time on appeal. *Id.*

Appellant's third and fourth points of appeal can best be discussed together. The third point is captioned, "Coerced Confession," and in it he contends that "[a]ppellant had to plea guilty and/or confess to the charges, and then sign a plea agreement." The

fourth point is captioned, "Unlawful Induced Plea," and in it he contends in pertinent part that the "[f]air administration of the criminal process and the interests of justice do not permit the prosecution to violate . . . promises made in negotiation of guilty pleas." The problem with these two points of appeal is that the abstract does not demonstrate that appellant gave a confession or that he entered a plea agreement. There is no abstracted testimony about a confession by appellant. Moreover, he clearly did not enter a guilty plea because he was tried and found guilty by a jury. Rather, it seems as though appellant has confused his purported discussions with the police about working as a confidential inform-ant with negotiated agreements to plead guilty. Even if those discus-sions could be construed as a negotiated agreement to plead guilty, such an agreement clearly never became effective. "The parties have no power to bind the court, and thus it is illusory to say the State is bound by such an agreement before it is consummated by the acceptance of a guilty plea by the court." *Caldwell v. State*, 295 Ark. 149, 152, 747 S.W.2d 99, 101 (1988). Consequently, neither of these points provides a basis for reversal.

■ For his fifth point of appeal, appellant challenges the valid-ity of the search warrant based upon his contention that the infor-mation provided by the confidential informant was stale. As men-tioned previously under the first point, the trial court denied the October 1996 motion to suppress on the ground that it was not timely. Appellant had presented the motion on a day that he was originally scheduled for trial and the State moved to strike the motion as untimely. Although the trial court allowed appellant's stand-by counsel to make a record on the "staleness" argument, the denial was based on timeliness, not the substance of the motion. Moreover, in addressing motions just prior to the trial of December 2, 1997, the court denied appellant's renewed motion to suppress the search warrant and evidence, stating "[t]hat's denied as previ-ously ruled upon." Neither appellant nor his stand-by counsel pur-sued the fact that the previous denial was based on the untimeliness of the motion rather than on its substance. The movant bears the burden of obtaining a ruling, and unresolved questions and objec-tions are waived and may not be relied upon on appeal. *Wright v. State*, 327 Ark. 558, 940 S.W.2d 432 (1997). Consequently, we do not address the merits of this point of appeal because the issue was never ruled upon at trial.

■ For his sixth point of appeal, appellant contends that his Fifth Amendment protection against double jeopardy was violated. While it is clear that appellant is confused about the concept of double jeopardy, we do not address the merits of his argument because the abstract does not demonstrate that this argument was raised to the trial court. A claim that the State has violated a defendant's rights against double jeopardy must be raised in the trial court before it can be considered on appeal. *Adams v. State*, 319 Ark. 381, 892 S.W.2d 455 (1995). Even constitutional arguments must be raised at trial in order to be considered on appeal. *Id.*

■■ Appellant's seventh point of appeal is captioned, "Failure to Disclose." It contends in part that "[e]ven though the prosecution has an open file policy, it did not fulfill its discovery obligation when appellant representing [himself] 'Pro-Se' was incarcerated at the time of trial and was required to himself examine appellant's Penal Institution Records during the trial itself." He further contends, "The prosecution never disclosed the agreement that was signed by appellant for same to become a confidential informant." Again, the abstract does not demonstrate that appellant raised this failure-to-disclose argument below. Moreover, the record shows that when the State offered the "pen pack" as an exhibit, appellant's stand-by counsel asked appellant if he had any objection to it. Appellant responded, "They're going to use it anyway. It don't make no difference if I object or not." A timely objection is required to preserve an alleged discovery violation for appellate review. *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). Finally, even if we were to address the argument on its merits, appellant has not shown that he was prejudiced by any alleged discovery violation. An appellant bears the burden of demonstrating that the discovery violation was sufficient to undermine confidence in the outcome of the trial. *Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998).

■ In his eighth point of appeal, appellant claims ineffective assistance of counsel. In order for us to consider a claim of ineffective assistance of counsel on direct appeal, it must have been considered by the trial court. *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). The abstract does not demonstrate that this issue was presented to the trial court. Consequently, we do not address it on appeal.

For his ninth point of appeal, appellant contends that he was denied a speedy trial. As we noted at the outset of this substituted opinion, we originally found merit in appellant's contention. However, in light of the supreme court's recent decision in *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999), handed down prior to our original opinion, we can no longer do so.

Rule 28.1 of the Arkansas Rules of Criminal Procedure provides in pertinent part that a defendant "is entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3."

Rule 28.2 provides in pertinent part:

> The time for trial shall commence running, without demand by the defendant, from the following dates:
>
> . . . .
>
> (c) if the defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, the time for trial shall commence running from the date of mistrial, order granting a new trial or remand.

The felony information in this case was filed on May 30, 1996. Appellant first went to trial on these charges in October 1996, but a mistrial was declared *sua sponte* by the trial court. Consequently, in accordance with Rule 28.2 (c), the time for trial began running anew from the date of mistrial, October 22, 1996. However, appellant was not brought to trial again until December 2, 1997, forty-one days beyond the twelve-month limit.

The docket entries as abstracted by the State provide:

| | |
|---|---|
| 10/22/96 | Case called for trial . . . . Mistrial declared due to discussion of D's not allowing the atty to handle the case. |
| 7/1/97 | Pass on D's motion: j.t. 7/22/99 [sic] at 9:30; j.n. 7/18/97 at 11. Speedy trial tolled from 7/1/97 to 7/22/97. |
| 7/22/97 | Pass on Ct's motion due to congested docket: j.t. 9/30/97 at 9:30; j.n. 9/26/97 at 11. Speedy trial tolled from 7/1/97 to 9/30/97. |

9/30/97 Pass on Ct's motion: j.t. 12/2/97 at 9:30.

12/2/97 Case called for trial.

Thus, the three periods of time tolled by the trial court were July 1 to July 22, 1997; July 22 to September 30, 1997; and September 30 to December 2, 1997.

*July 1 to July 22, 1997*

The State contends that the period from July 1 to July 22, 1997, is properly excluded because the trial was continued on appellant's motion. We agree.

Rule 28.3(c) of the Arkansas Rules of Criminal Procedure provides:

> (c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

 The colloquy at the July 1, 1997, hearing surrounding this period of delay was as follows:

> THE DEFENDANT: Good morning, Judge Humphrey.

> THE COURT: Do you have a motion today?

> MR. TARVER: *Your Honor, we'd ask for a continuance.* Mr. Watts is in the Pulaski County jail. He doesn't have any clothes other than some scrub gear from a hospital.

> Also, he doesn't have his file. An associate has that property of his and I'm trying to locate that associate and get that property back.

> . . . .

> THE COURT: Well, we'll just pass it.

> . . . .

> THE COURT: Jury trial set for July twenty-second at nine thirty. Jury notice July eighteenth at eleven o'clock.

Speedy trial is tolled from today until July twenty-second.

(Emphasis added.) Accordingly, the period of delay from July 1 to July 22, 1997, is properly excluded as one "granted at the request of the defendant or his counsel" pursuant to Rule 28.3(c).

### July 22 to September 30, 1997

According to the State, the period of delay from July 22 to September 30, 1997, is properly excluded because it was due to a congested docket, because appellant was present and did not object to the delay, and because it was attributable to the continuance obtained by appellant on July 1, 1997. In light of *Dean, supra*, we now agree that this period of delay can be properly excluded because appellant was present and did not object to the delay. In *Dean*, the supreme court explained:

> It is thus clear from these holdings that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. The need for such a contemporaneous objection was perhaps best explained in the concurring opinion in *Tanner*:
>
> Speedy-trial objections must be raised in the trial court and prior to the trial date in order to preserve the issue for review. This issue is not an exception to the contemporaneous-objection rule.
>
> The reason for our contemporaneous-objection rule is that a trial court should be given an opportunity to know the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. It is understandable that a defendant would not wish to call the trial court's attention to an erroneous ruling on the excludability of time for purposes of speedy trial; however, *Mack, supra*, requires that a defendant do so[.]

339 Ark. at 110, 3 S.W.3d at 331.

Here, as noted previously, the docket entry on July 22, 1997, provides: "Pass on Ct's motion due to congested docket: j.t. 9/30/97 at 9:30; j.n. 9/26/97 at 11. Speedy trial tolled from 7/1/97 to 9/30/97." The colloquy at the July 22, 1997, hearing surrounding this period of delay was as follows:

THE COURT: How much time do we have left on his? This will be passed on the court's motion.

DEPUTY PROSECUTING ATTORNEY MARY JONES: Your Honor, I show the mistrial occurred on October 22nd, '96.

THE COURT: And I am going to make a record. This is due to congested docket. Jury trial is set for September 30th at 9:30. Jury notice September 26th at 11:00.

And he is filing with the court a renewed motion for dismissal.

. . . .

THE COURT: The court is going to toll speedy trial again. It's already tolled from July 1st until today. I'll extend that until September 30th.

Appellant was present and acting *pro se*. He did not object to the delay. According to *Dean, supra,* appellant thereby waived his right to challenge whether this period of time was properly excluded. Consequently, the period of delay from July 22 to September 30, 1997, can be excluded in calculating the time for speedy trial.

### September 30 to December 2, 1997

The two periods of time just discussed, July 1 to July 22, 1997, and July 22 to September 30, 1997, are greater than the forty-one days by which appellant's trial exceeded the twelve-month limit. It is therefore not necessary to examine the period of delay from September 30 to the date of trial on December 2, 1997.

In summary, appellant was tried forty-one days beyond the twelve-month period of limitation. At least two periods of delay are properly excludable, the delay from July 1 to July 22, 1997, and the delay from July 22 to September 30, 1997. These excluded periods of time are sufficient to bring appellant's trial within the limits required by law.

Appellant's tenth point of appeal is captioned, "Unconstitutionally Selected and Impaneled Jury," and he contends in part that "98% of the entire courtroom of prospective jurors were in one form or the other POLICEMEN." We find nothing in the abstract to

support his description of the prospective jurors. More importantly, the abstract does not demonstrate that he raised this issue before the trial court. Rather, following *voir dire* and the impanelment of the jury, the court asked appellant if the panel was good for the defense. Appellant responded, "Yes, Your Honor." "In order to preserve objections regarding any irregularities affecting the selection or summoning of the jury panel, a timely objection must be made." *O'Neal v. State*, 321 Ark. 626, 632, 907 S.W.2d 116, 119 (1995). Consequently, appellant cannot now challenge the jury selection on appeal.

 Appellant's eleventh point of appeal contends that the trial court used an improper jury instruction with respect to defining actual and constructive possession of a controlled substance. The following colloquy occurred at trial:

> APPELLANT: While he's doing that, Your Honor, I'm also in disagreement with the definition of possession here. I mean to me it just gives a partial definition of it. It doesn't state nowhere of being of the knowledge of the actual presence of the substance.
>
> THE COURT: The court's using AMCI.
>
> APPELLANT: Sir?
>
> THE COURT: The Court's using the definition in the AMCI instructions.

Appellant did not pursue further discussion of the issue, and the instructions used by the court to define actual and constructive possession were based upon AMCI 2d 6404. Appellant has simply not demonstrated that the trial court erred in this regard.

 Appellant's twelfth point of appeal contends that an affidavit he proffered to the trial court should have been admitted into evidence. The affidavit itself is abstracted; however, there is nothing in the abstract demonstrating that appellant attempted to introduce it or how the trial court ruled on the issue. Consequently, we do not address the merits of this issue. The record on appeal is confined to that which is abstracted, and *pro se* litigants are held to the same abstracting standards as licensed attorneys. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998).

Appellant's final point of appeal is captioned, "Sufficience of Evidence"; however, the substance of his argument under this point again challenges the trial court's denial of his motions to suppress, which has already been addressed under his fifth point of appeal.

Affirmed.

ROBBINS, C.J., ROGERS, GRIFFEN, CRABTREE, and MEADS, JJ., agree.