SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-12-715

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| FRANK WATTS II | | |
| | **APPELLANT** | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [40LCV- 12-25, HON. JODI RAINES DENNIS, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | | |
| | **APPELLEE** | AFFIRMED. |

## PER CURIAM

In 2012, appellant Frank Watts II, who was incarcerated in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] The circuit court found no merit to the petition and dismissed it. Appellant brings this appeal. We find no error and affirm the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Darrough v. State*, 2013 Ark. 28 (per curiam); *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

To understand the issues raised in the petition for writ of habeas corpus, it is necessary to review portions of the history of appellant's legal proceedings. In 1997, appellant was found guilty by a jury of possession of a controlled substance with intent to deliver, two counts of possession of drug paraphernalia, and possession of a controlled substance. He was adjudged a habitual offender, and an aggregate sentence of sixty years' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Watts v. State*, 68 Ark. App. 47, 8 S.W.3d 563 (2000).

In 1998, appellant was convicted of multiple additional felony offenses and sentenced

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

as a habitual offender to an aggregate term of life imprisonment. No appeal was taken.[2]

In 2007, appellant filed a petition for writ of habeas corpus in the Chicot County Circuit Court, seeking relief from the judgments of conviction. The circuit court granted a motion for default judgment, but later granted a motion to set aside the default judgment and dismissed the petition. Appellant filed a motion to vacate the orders setting aside the default judgment and dismissing the petition, and the court dismissed the motion in an order entered in 2008.

Appellant did not perfect an appeal from the order, and later he sought by motion to proceed with the appeal. We denied the motion because appellant was no longer within the jurisdiction of the Chicot County Circuit Court. Once appellant was out of its jurisdiction, the court in Chicot County did not have authority to obtain appellant's release from custody in another county. *See Watts v. State*, 2009 Ark. 370 (unpublished per curiam).

In the petition for writ of habeas corpus filed in Lincoln County, appellant focused on alleged flaws in the 2007 habeas proceeding in Chicot County and its effect on the 1997 and 1998 judgments of conviction. Appellant's grounds on appeal for reversal of the order are that the 1997 and 1998 judgment-and-commitment orders entered in the trial court and the 2007 Chicot County order setting aside the default judgment were void for lack of subject-matter jurisdiction. He argues that jeopardy attached when he was convicted in the 1997 prosecutions and that the 1998 judgment amounted to double jeopardy because the same parties were involved in the offenses in both cases. While appellant couched his allegation as a double-jeopardy issue, he offered no facts to demonstrate that the 1997 and 1998 judgments were

[2]Appellant later filed a motion for belated appeal, which was denied. *Watts v. State*, CR-00-201 (Ark. Sept. 28, 2000) (unpublished per curiam).

SLIP OPINION

indeed void. Moreover, the double-jeopardy claim was not raised in the petition for writ of habeas corpus; thus, it was not considered by the circuit court. This court will not consider an issue that is raised for the first time on appeal when there is no showing of a jurisdictional defect. *Kelly v. Norris*, 2013 Ark. 90 (per curiam); *see also Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

With respect to appellant's assertion that there was error in the 2007 habeas proceeding in the Chicot County Circuit Court, appellant did not state a ground for the Lincoln County Circuit Court to grant a writ of habeas corpus in 2012. As stated, appellant filed the habeas petition in the Chicot County Circuit Court, but he was not within that court's jurisdiction when he sought to proceed with a belated appeal of the order. For that reason, the Chicot County court could not release him on a writ of habeas corpus. The Chicot County proceeding was not germane to the decision of the Lincoln County Circuit Court to deny the habeas petition filed in that court in 2012.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The Lincoln County Circuit Court correctly concluded that appellant had not stated a ground on which the writ could issue, in that appellant failed to establish that either of the judgment-and-commitment orders entered in 1997 and 1998 was invalid on its face or that the trial court lacked jurisdiction to enter the judgment.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis

for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

Because appellant failed to state a claim sufficient to warrant issuance of a writ of habeas corpus, he did not meet his burden of demonstrating that his petition had merit. Therefore, the circuit court did not err in declining to issue the writ, and the order is affirmed.

Affirmed.

*Frank Watts II*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

SLIP OPINION