SLIP OPINION

Cite as 2013 Ark. 318

# SUPREME COURT OF ARKANSAS

No. CV-12-716

| | | |
|---|---|---|
| FRANK WATTS II | | **Opinion Delivered** September 5, 2013 |
| | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME [LINCOLN COUNTY CIRCUIT COURT,40LCV- 12-26, HON. JODI RAINES DENNIS, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

### PER CURIAM

In 2012, appellant, Frank Watts II, who was incarcerated in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1]  The circuit court found no merit to the petition and dismissed it.

Appellant lodged an appeal from the order in this court, and he now seeks an extension of time to file his brief-in-chief.  As it is clear from a review of the record that the appeal is without merit, the appeal is dismissed.  The motion is moot.  An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Bryant v. May*, 2013 Ark. 168 (per curiam); *Roberson v. State*, 2013 Ark. 75 (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause.  *Roberson*, 2013 Ark. 75; *Murry v. Hobbs*, 2013 Ark. 64 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994).  The

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

Appellant's allegations in the petition for writ of habeas corpus pertained to two trials. In 1997, appellant was found guilty by a jury of possession of a controlled substance with intent to deliver, two counts of possession of drug paraphernalia, and possession of a controlled substance. He was adjudged a habitual offender, and an aggregate sentence of sixty years' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Watts v. State*, 68 Ark. App. 47, 8 S.W.3d 563 (2000). In 1998, appellant was convicted of multiple additional felony offenses and sentenced as a habitual offender to an aggregate term of life imprisonment. No appeal was taken.[2]

In the petition for writ of habeas corpus, appellant contended that the trial court in the 1998 proceeding lacked subject-matter jurisdiction because the court had granted appellant's "motion in limine for joinder of offenses" in the prior 1997 trial; thus, the State was collaterally estopped from proceeding with the 1998 trial. The claim, however, did not establish that either the trial court in 1997 or the trial court in 1998 did not have jurisdiction to try appellant for the separate offenses of which he was convicted.

---

[2]Appellant later filed a motion for belated appeal, which was denied. *Watts v. State*, CR-00-201 (Ark. Sept. 28, 2000) (unpublished per curiam).

Appellant offered nothing to establish that, at the time of the 1998 conviction, the trial court did not have personal jurisdiction over him, jurisdiction over the subject matter, and the authority to render the particular judgment. Accordingly, he failed to show that the trial court lacked jurisdiction in his case; thus, he failed to state a ground on which a writ of habeas corpus could issue. *See Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Appellant made references in the habeas petition to jeopardy having attached at the first trial, rendering the second trial a nullity. The bases for the allegation were not entirely clear, but essentially the claim advanced by appellant was that the 1998 court was without authority to enter the judgment. If appellant was indeed asserting a claim of double jeopardy, such claims are cognizable in a habeas proceeding. *See Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Flowers*, 347 Ark. at 763, 68 S.W.3d at 291. But, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas-corpus proceeding. *Murphy v. State*, 2013 Ark. 155 (per curiam); see also *Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam); *Randolph v. State*, 2011 Ark. 510 (per curiam); *see also Johnson,* 298 Ark. 479, 769 S.W.2d 3. To the extent that appellant may have stated a cognizable double-jeopardy claim, it was without merit. *See Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam) (holding that because no sentence had been imposed when a habeas petitioner was placed on probation, the sentence imposed on revocation was valid if within the statutory range for the

3

SLIP OPINION

original charge).

This court has defined jurisdiction as the power to hear and determine the subject matter in controversy between the parties to the suit; to adjudicate or exercise any judicial power over them. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). Here, appellant presented no coherent claim that would define a controversy. The circuit court correctly concluded that appellant had not stated a ground on which the writ could issue, in that appellant failed to establish that either of the judgment-and-commitment orders entered in 1997 and 1998 was invalid on its face or that the trial court lacked jurisdiction to enter the judgment.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Darrough v. State*, 2013 Ark. 28 (per curiam); *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

Appeal dismissed; motion moot.

*Frank Watts*, pro se appellant.

No response.