SLIP OPINION

Cite as 2013 Ark. 485

# SUPREME COURT OF ARKANSAS

No. CR-13-663

| | | |
|---|---|---|
| FRANK WATTS II | | **Opinion Delivered** November 21, 2013 |
| | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND MOTION FOR USE OF TRANSCRIPT [PULASKI COUNTY CIRCUIT COURT, 60CR-97-2871, HON. WENDELL GRIFFEN, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1999, a jury found appellant Frank Watts II guilty of one count of possession of a controlled substance with intent to deliver (cocaine), one count of possession of drug paraphernalia, and one count of failure to keep records. He was sentenced as a habitual offender to an aggregate term of life imprisonment. No appeal was taken.[1]

In 2012, appellant filed in the circuit court a pro se petition for writ of error coram nobis in which he alleged that the judgment violated the prohibition against double jeopardy, counsel failed to subpoena witnesses who had executed documents exonerating him, he was denied the right to a speedy trial, he was denied the right to conduct his own defense and had ineffective assistance of counsel, and his constitutional rights were violated when he was not given a copy of his trial transcript. The circuit court denied the petition, and appellant lodged an appeal from that order. Now before us are appellant's pro se motions for extension of time to file his brief

---

[1]Appellant later filed a motion for belated appeal, which was denied. *Watts v. State*, CR-00-201 (Ark. Sept. 28, 2000) (unpublished per curiam).

and for use of transcript.

We need not address the merits of the motions because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Morgan v. State*, 2013 Ark. 341 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, ___ S.W.3d ___. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). To warrant a writ, a petitioner has the burden of bringing forth some fact, extrinsic to the record, that was not known at the time of trial. *Martin v. State*,

2012 Ark. 44 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *McClure v. State*, 2013 Ark. 306 (per curiam).

As grounds for the writ, appellant first contended in his petition that the 1999 judgment violated the prohibition against double jeopardy because the charges had been joined with charges in a case previously concluded.[2] In 1997, appellant had been found guilty by a jury of possession of a controlled substance with intent to deliver, two counts of possession of drug paraphernalia, and possession of a controlled substance.[3] He was sentenced as a habitual offender to an aggregate sentence of sixty years' imprisonment. The Arkansas Court of Appeals affirmed. *Watts v. State*, 68 Ark. App. 47, 8 S.W.3d 563 (2000).

Double-jeopardy claims do not fall within any of the four categories of recognized claims, and appellant has not provided a demonstration of any error concerning facts that were not

---

[2]While appellant also summarily referred to the lack of subject-matter jurisdiction, a violation of the doctrine of collateral estoppel, and violations of equal protection and due process, it is clear that the claim is essentially an allegation of a violation of the prohibition against double jeopardy.

[3]Prior to the 1997 trial, appellant filed a pro se "Motion for Joinder of Offenses," in which he alleged that he was entitled to have "these offenses" joined. Pursuant to the felony information, appellant was charged with the four offenses for which he was ultimately convicted. On the day of the trial, appellant referred to the motion, and the State responded that the offenses were joined and that all offenses were being tried that day. The trial court then granted the motion.

known at the time of trial or that were not included in the record pertaining to that claim. *See Hoover v. State*, 2012 Ark. 136 (per curiam). Moreover, we have previously addressed this same issue in appellant's previous appeal of the denial of a motion to vacate his 1999 conviction and sentence based on a double-jeopardy claim. Granting appellant's motion to dismiss the appeal, we did so with prejudice because the application for relief was untimely. We also noted that the 1999 judgment did not violate the prohibition against double jeopardy because the 1997 and 1999 judgments indicate convictions for different offenses occurring on different dates. *Watts v. State*, CR-08-1280 (Ark. Jan. 30, 2009) (unpublished per curiam). We again addressed the effect of any joinder of offenses in *Watts v. State*, 2013 Ark. 318 (per curiam) in an appeal of the dismissal of a petition for writ of habeas corpus. In response to appellant's claim that double jeopardy attached at the 1997 trial rendering the 1999 judgment a nullity, we held that if appellant was raising a double-jeopardy claim, it was without merit. Appellant also argued in that case that the trial court lacked subject-matter jurisdiction to enter the 1999 judgment because the court had granted appellant's motion for joinder of offenses in the 1997 trial. We held that appellant offered nothing to establish that, at the time of the 1999 conviction, the trial court did not have personal jurisdiction over him, jurisdiction over the subject matter, or the authority to render the particular judgment. *Id.*

Appellant's second ground for issuance of the writ was that counsel's failure to subpoena certain defense witnesses who had executed documents exonerating him, along with the intentional delay of his trial, resulted in the witnesses disappearing or relocating to an unknown address. Without providing any factual support, appellant claimed that the trial was delayed due

to the "buddying" relationship between counsel and the prosecuting attorney. These allegations amount to a claim of ineffective assistance of counsel, which is outside the purview of a coram-nobis proceeding. *See Hall v. State*, 2013 Ark. 404 (per curiam). To the extent that appellant alleged that the prosecuting attorney, with the assistance of counsel, withheld or suppressed documents executed by these witnesses, he has failed to state a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). This court has previously recognized that a writ of error coram nobis was available to address errors pertaining to material evidence withheld by the prosecutor. *Cromeans*, 2013 Ark. 273; *Burks v. State*, 2013 Ark. 188 (per curiam). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Cromeans*, 2013 Ark. 273; *Burks*, 2013 Ark. 188. In his petition, appellant admitted that he received the documents while in jail and forwarded them to the prosecuting attorney's office and that the documents were introduced as evidence during an omnibus hearing. Accordingly, appellant did not show that the evidence was withheld willfully or inadvertently by the prosecuting attorney. To the extent that appellant raised any related claims, he has not stated a cognizable claim for relief because the allegations concern matters, which were known or could have been known at the time of trial and addressed at that time. *See Cromeans*, 2013 Ark. 273.

In his third ground for issuance of the writ, appellant alleged that he was denied a speedy trial because he was not brought to trial within twelve months from the time provided in our rules of criminal procedure. Again, without providing any factual support, he also claimed that

SLIP OPINION

the prosecuting attorney and counsel intentionally delayed his trial to give the prosecuting attorney a tactical advantage and to harass him. Additionally, appellant argued that the delay was a violation of his right to due process and that the trial court erred in denying his motions to dismiss based on speedy-trial violations. The information put forth by appellant as proof that he had been denied a speedy trial was available at the time of trial and was not hidden in some way by the State. *See Rodgers v. State*, 2012 Ark. 193 (per curiam). The question of whether there was a speedy-trial violation is one that could have been addressed at trial and, if the issue was decided adversely to appellant, on the record on direct appeal. Claims that could have been raised at trial are not grounds for the writ. *Smith v. State*, 2012 Ark. 403 (per curiam). As the information was available, appellant did not meet his burden of establishing a basis for a writ of error coram nobis. To the extent that appellant has alleged a related claim of prosecutorial misconduct, we find no merit to this allegation. While certain prosecutorial misconduct may be grounds for a writ, the claims raised by appellant could have been addressed at trial. Likewise, to the extent that appellant has raised a claim of ineffective assistance of counsel, such claims, as held herein, are not cognizable in an error-coram-nobis proceeding. *See Hall*, 2013 Ark. 404.

In his fourth ground for issuance of the writ, appellant raised a number of claims of ineffective assistance of counsel. He also alleged related claims of misconduct of the prosecuting attorney, police, and counsel, as well as trial error and conflict of interest of counsel. Again, allegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Id.* Additionally, the other allegations of error are not subject to review in a coram-nobis proceeding because these matters were known or could have been known to appellant at

SLIP OPINION

the time of trial such that the issue could have been raised at trial. *See Cromeans*, 2013 Ark. 273. Finally, we do not consider the allegations raised by appellant in his attempt to reargue issues that we have addressed in previous appeals brought by appellant.

Appellant's final ground for issuance of the writ was based on the allegation that he has not been able to obtain a copy of his trial transcript, which he concluded was due to its destruction by the trial court to conceal violations of his right to due process and equal protection. A writ of error coram nobis is not available to address this type of error, which, even if true, would not have prevented the judgment against him.

Appeal dismissed; motions moot.

*Frank Watts II*, pro se appellant.

No response.